(63 Misc. Rep. 350.)

### THOMPSON et al. v. BENOWITZ.

(Supreme Court, Appellate Term. May 27, 1909.)

1. PLEADING (§ 248*)—AMENDMENT OF COMPLAINT—EFFECT ON DEFENSES.

Plaintiffs pleaded two causes of action, as to one of which defendant pleaded the statute of frauds, and on the trial the court permitted plaintiffs to amend, so as to allege that the contract set forth in the first cause of action and that set forth in the second cause of action were one and the same contract. *Held*, that it was improper to allow plaintiff to so amend his complaint as to deprive defendant of his defense of the statute of frauds.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 248.*]

2. PLEADING (§ 420*)—WAIVER OF OBJECTIONS TO AMENDMENT.

Plaintiffs at the trial, and against the objection of defendant, were permitted to amend, changing the issues. At the close of plaintiffs' case, defendant's motion to dismiss was denied, and defendant proceeded with his case. *Held*, that defendant did not waive his objection by proceeding with the trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1408–1412; Dec. Dig. § 420.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York.

Action by David F. Thompson and others against Hayman Benowitz. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Spiro & Wasservogel (Isidor Wasservogel, of counsel), for appellant.

Blumensteil & Blumensteil (Edwin Blumensteil, of counsel), for respondents.

DAYTON, J.   Plaintiffs pleaded two distinct causes of action, as to one of which defendant pleaded the statute of frauds. On the trial, and against objection, the court permitted plaintiffs to amend, "so as to set forth that the contract as I have set forth in the first cause of action and the contract as I have set forth in the second cause of action was one and the same entire contract." Defendant properly claimed surprise. Respondents contend that this amendment was a technicality and immaterial, but cite no authorities. We are of opinion that under well-established rules the defendant was entitled under the pleadings to attempt to establish his defense of the statute of frauds as to one of the separately stated causes of action, and could not be deprived of that right by the amendment granted, which presented different facts from those alleged in the complaint.

At the close of plaintiffs' case defendant moved to dismiss, and again called attention to said defense of the statute of frauds. The motion was denied, and defendant proceeded with his case. The court charged the jury without any reference to the statute of frauds. The verdict was for the full amount of plaintiffs' claim on their amended complaint, from which defendant appeals. The issues having been thus changed despite objection, I think defendant could rely upon his exception without abandoning the trial. Indeed, the plaintiffs, by proceeding, took the risk of that exception.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.